FILED
98 JUL 31 PM 3:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRENDA JOYCE CURRY,

    Plaintiff,

v.

SOUTHWEST AIRLINES CO.,

    Defendant.

CASE NO. CV 97-B-1992-S

ENTERED
JUL 31 1998

## MEMORANDUM OPINION

Currently before the court is the Motion of the defendant, Southwest Airlines Company ("Southwest"), for Summary Judgment. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment is due to be granted.

This case arises out of the termination of plaintiff Brenda Curry's employment with Southwest. Plaintiff claims her termination constituted a retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964. Defendant denies any unlawful employment practices.

## FACTUAL SUMMARY

Plaintiff began working for Southwest as a Customer Service Agent in August of 1991. (Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B(3) at 2.) She continued to work for Southwest in its Birmingham office until she was terminated on October 25, 1995.

1

*Id.*

In January of 1993, one of plaintiff's co-workers, Keary Campbell, was terminated as a result of allegations of sexual and racial harassment by Southwest Airlines employee Paula Frantz. *Id.* During the 1993 proceedings against Campbell, plaintiff confirmed the allegations Frantz made against Campbell. (Am. Compl. ¶¶ 6-8.) Plaintiff claims that, shortly after she testified against Campbell, her supervisors Lee Wagner and Joni Halpain[1] began complaining about her work. (Am. Compl. ¶ 11.) Plaintiff claims that, in addition to such complaints, she received poor evaluations, was counseled for an improper overtime report, was "written up" for receiving too many personal phone calls at work, and was ultimately terminated. (Am. Compl. ¶¶ 11-16; Pl.'s Resp. to Def.'s Mot. for Summ. J. 2-3.) Plaintiff claims that these incidents constituted acts of retaliation in violation of Title VII.

According to defendant, plaintiff was ultimately terminated for falsifying a doctor's excuse. Plaintiff was absent from work on October 3rd, 4th and 5th of 1995. (Halpain Aff., Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B ¶¶ 2,5.) When she returned to work on October 8, she was asked to produce a doctor's excuse. (Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B(3) at 2.) On October 10, plaintiff produced a stamped, unsigned note from the Jefferson County Central Health Center. *Id.* In response to an inquiry, on October 23, 1995, health center administrator Linda DeMarco contacted plaintiff's

---

[1] Joni Halpain became station manager at Southwest in April of 1993, approximately three months after Campbell was terminated. In her affidavit, Halpain claims that, at the time she made the decision to terminate plaintiff, she was not aware that plaintiff had given testimony in support of the claims Frantz brought against Campbell. (*See* Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B, ¶ 4.)

supervisor, Joni Halpain, to report that the note produced by plaintiff was "bogus." *Id.* at 3. That same day, Halpain held a fact finding hearing regarding plaintiff's unexcused absences. Halpain issued her decision to terminate plaintiff on October 25, 1995. *Id.*

Plaintiff then filed a timely grievance protesting her termination and the Union pursued it through the contractual grievance procedure. (Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B(3) at 3.) Arbitrator Randall M. Kelly held a hearing on August 6, 1996, and then issued an opinion and award adverse to the plaintiff. *See id.* The opinion concluded that plaintiff's discharge was for just cause and that there was no proof that Southwest had an ulterior motive in seeking to discharge her. *See id.* at 9. Plaintiff now brings her retaliatory discharge claim in this court, contending that Southwest violated Title VII when they terminated her employment.

## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is

a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted); *accord Spence v. Zimmerman,* 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## DISCUSSION

Plaintiff brings this action pursuant to § 704(a) of Title VII of the Civil Rights Act of 1964, as amended. Section 704(a) is the anti-retaliation provision of Title VII and it provides in relevant part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, hearing, or proceeding under this subchapter." 42 U.S.C.

4

§ 2000e-3(a).

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in statutorily protected expression; (2) she suffered adverse employment action; (4) there was a causal connection between the protected activity and the adverse employment action. *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993)(citation omitted). Once the plaintiff has established a prima facie case of retaliation, the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action. *Id*. If the defendant proffers legitimate reasons, the presumption of retaliation is rebutted and drops from the case. At the summary judgment stage, the burden then shifts back to the plaintiff to raise a genuine factual issue as to whether the defendant's proffered reason is a pretextual ruse to mask a retaliatory action. *Id*. at 920.

Viewing the evidence in a light most favorable to the plaintiff, the court finds that plaintiff is unable to establish the essential elements of her prima facie case. As to the first element, plaintiff has shown that she engaged in protected activity when she confirmed the allegations of racial and sexual harassment Southwest Airlines employee Paula Frantz brought against her co-worker, Keary Campbell. (Letter from Paula Vowell at 2.)

As to the second element, the evidence shows that plaintiff suffered an adverse employment action when she was terminated in October of 1995. Plaintiff claims that she suffered additional adverse employment actions, including complaints about her work by supervisor Lee Wagner, an "unsatisfactory" work evaluation in 1993, complaints of incorrect reports, and, in

1995, a complaint that plaintiff received too many personal phone calls.[2] (Pl.'s Resp. at 3.)

Plaintiff, however, has failed to establish the third element of her prima facie case, that there was a causal connection between the protected activity and the adverse employment action. To establish the causal relation element of her prima facie case of retaliation, plaintiff need only show "that the protected activity and the adverse action are not completely unrelated." *Meeks v. Computer Associates Intern.*, 15 F.3d 1013, 1021 (11th Cir. 1994)(quoting *EEOC v. Reichhold Chem., Inc.*, 988 F.2d 1564, 1571-1572 (11th Cir. 1993)). In determining whether a causal connection exists, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took the adverse employment action. *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 920 (11th Cir. 1993)(quoting *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993)); s*ee also Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1457 (11th Cir. 1998)(stating that plaintiff had established causal connection by presenting evidence that defendant *knew of her EEOC charge* and that the adverse employment actions commenced almost immediately after management learned she had filed the charge.)

Plaintiff has not brought forth sufficient evidence to establish that the defendant was aware of her protected activity when it engaged in the adverse actions allegedly occurring during 1993 and 1995. Station manager Joni Halpain states in her affidavit that she was not aware in October of 1995, when she terminated plaintiff's employment, that plaintiff had previously given testimony

---

[2] In its Motion for Summary Judgment, defendant argues that these alleged instances do not constitute adverse activity under Title VII because they do not rise to the level of an ultimate employment action. (*See* Def.'s Mot. for Summ. J. at 5-6.) However, the Eleventh Circuit has held that adverse actions which fall short of ultimate employment decisions can constitute adverse employment action under Title VII. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1456 (11th Cir. 1998).

concerning Mr. Campbell's alleged racial and sexual harassment. (Halpain Aff., Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B, ¶¶ 3-5.) In her response to defendant's motion for summary judgment, plaintiff alleges that Halpain *was probably* aware of plaintiff's protected activity:

> Joni Halpain has denied an [sic] knowledge of the plaintiff's testimony against Keary Campbell. Although Campbell was terminated in Jan. 1993 and Ms. Halpain didn't become station manager until April 1993, plaintiff contends that this was a major incident which occurred in a very small work environment and was still one of discussion at the time Ms. Halpain became station manager. In light of the extremely close relationship between Lee Wagner and Joni Halpain, plaintiff feels there is a *great probability* that she was knowledgeable of this activity and others which happened prior to her position at the B'ham station.

(Pl.'s Resp. at 4.)(emphasis added). Plaintiff's speculations about Halpain's state of mind cannot be accepted in light of Halpain's sworn statement that she was unaware of plaintiff's protected activity. Furthermore, plaintiff has produced no evidence tending to show that Lee Wagner knew of plaintiff's protected activity in 1993 when he allegedly engaged in adverse actions against her. Therefore, the court finds that plaintiff has not shown that defendant knew of her protected activity when it engaged in retaliatory conduct, and plaintiff has not demonstrated a causal relationship sufficient to establish the third element of her prima facie case.

Even if plaintiff were able to prove all the elements of her prima facie case, establishing a rebuttable presumption of retaliatory discharge, defendant has successfully rebutted this presumption by articulating a legitimate, nondiscriminatory reason for plaintiff's discharge. Defendant's evidence shows that, after a termination hearing, plaintiff was discharged as a result of falsifying a doctor's excuse for her unexcused absences. (*See* Halpain Aff., Def.'s App. of

7

Evidence in Supp. of Mot. for Summ. J., tab B, ¶¶ 2-5; Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B(1).) The evidence shows that a health center employee reported the alleged falsification to plaintiff's supervisor, and plaintiff's supervisor held a fact finding hearing as a result of the report. *Id.* Such falsification of documents constitutes a legitimate reason to terminate an employee. Furthermore, plaintiff's supervisor Joni Halpain has testified that she made the decision to terminate plaintiff and that neither she nor Southwest had any other motivation, besides the unexcused absences, for terminating plaintiff's employment. (*See* Halpain Aff., Def.'s App. of Evidence in Supp. of Mot. for Summ. J., tab B, ¶¶ 2-5.) Therefore, even if plaintiff could successfully establish the elements of her prima facie case of retaliation, defendant has presented sufficient evidence to carry its burden of production in rebutting plaintiff's prima facie case.

Plaintiff has failed to show that defendant's articulated reason, that plaintiff was terminated for falsifying a doctor's excuse, was a pretext for discrimination. Plaintiff has presented no evidence that defendant acted pursuant to a discriminatory motive when they terminated her employment. Thus, even if the court were to conclude that plaintiff's evidence established a prima facie case of retaliation, defendant's articulated reason is sufficient to rebut such evidence, and plaintiff has failed to offer evidence that defendant's articulated reason was a pretext for discrimination. Therefore, applying the steps articulated in *McDonnell-Douglas* for analyzing Title VII claims, the court concludes that the defendant is entitled to judgment as a matter of law as to plaintiff's retaliatory discharge claim.

## CONCLUSION

The court concludes that plaintiff has failed to establish the third element of her prima facie case of retaliatory discharge under Title VII. The court further concludes that, even assuming plaintiff could successfully establish a prima facie case of retaliatory discharge under Title VII, defendant has articulated a legitimate, nondiscriminatory reason for terminating plaintiff's employment, and that plaintiff has failed to establish that such reason was a pretext for discrimination. Therefore, defendant's Motion for Summary Judgment as to plaintiff's retaliatory discharge claim is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 31st day of July, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge